```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                 SOUTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION
```

```
ERIC DARBY,                       *
                                  *
     Petitioner,                  *
                                  *
vs.                               *  CIVIL ACTION 04-00705-BH-B
                                  *
GWENDOLYN C. MOSLEY,              *
                                  *
     Respondent.                  *
```

## REPORT AND RECOMMENDATION

Eric Darby, a state prisoner currently in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1). The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 8(b)(1). The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. Following a complete review of this action, the undersigned recommends that this action be dismissed as barred by the statute of limitations, and that judgment be entered in favor of Respondent Gwendolyn C. Mosley and against Petitioner Eric Darby on all claims.

## FINDINGS OF FACT

1. Petitioner, who entered a guilty plea in the Mobile County Circuit Court, was convicted of murder and first degree robbery on February 15, 2002, and sentenced to two consecutive terms of life

-1-

imprisonment. (Ex. 1, p. 4).  Petitioner did not appeal his conviction or sentence.

2.   On or about September 12, 2002, Petitioner filed a petition pursuant to Ala.R.Crim.P. 32, which the trial court denied on February 13, 2003. (Ex. 1, pgs. 50-51).  Petitioner filed an appeal before the Alabama Court of Criminal Appeals, which affirmed the trial court's decision, and overruled Petitioner's application for rehearing. (Doc. 16, Ex. 1C, Ex. 1E). Petitioner then filed a petition for writ of certiorari, which was denied by the Alabama Supreme Court.  The Alabama Court of Criminal Appeals entered its certificate of judgment on December 12, 2003. (Doc. 16, Ex. 1G).

3. Petitioner filed the instant habeas petition on September 16, 2004, alleging that his convictions are void as the result of a defective indictment, and that the convictions violate the 5th Amendment's prohibition against double jeopardy. (Doc. 1) Petitioner contends that the trial court lacked jurisdiction to convict and sentence him for robbery because the indictment did not charge him with that offense.  Petitioner also contends that because his offenses were committed as part of the same transaction, he should have been convicted and sentenced only on the murder charge, and not the related robbery charge.

Respondent's Answer to Petitioner's habeas petition (Doc. 13) contains the defense that Petitioner's claims are barred by the one-year limitation period set forth in the Anti-Terrorism and

Effective Death Penalty Act, 28 U.S.C. Section 2244(d)(1).

## **CONCLUSIONS OF LAW**

Pursuant to 28 U.S.C. § 2244(d)(1), as amended by the April 24, 1996, enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996, § 101(Supp. II 1997) ("AEDPA"), a state prisoner seeking a federal habeas corpus remedy must file his federal petition within one year of the "conclusion of direct review or the expiration of the time for seeking such review". The Act provides that:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgement of a State court.  The limitations period shall run from the latest of–

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244 (d).

Under the statute, the one-year statute of limitations for the filing of a federal petition for writ of habeas corpus commenced in Petitioner's case on March 29, 2002, "the date on which the judgment became final by the expiration of the time for seeking [direct review]." In other words, because Petitioner did not file a direct appeal, his conviction became final on March 29, 2002, the date on which the time for filing a notice of appeal with the Alabama Court of Criminal Appeals expired.[1] Accordingly, Petitioner was required to file his federal habeas petition no later than March 29, 2003, unless the tolling provisions of the AEDPA were properly invoked. The record reflects that Petitioner's habeas petition was not filed until September 16, 2004, 537 days after expiration of the one-year limitations period. As a result, Petitioner's habeas petition must be dismissed as untimely unless he can demonstrate that the tolling provisions were triggered during this period.

§ 2244(d)(2) of the AEDPA provides for the tolling of the limitations period pending state court review of a properly filed application for post-conviction relief. *See* In Re Hill, 437 F.3d 1080, 1083 (11th Cir. 2006). Petitioner filed a Rule 32 petition (Ex. 1, p. 17) on September 12, 2002, thereby tolling the limitations period. At the time the limitations period was

---

[1] In a criminal case a notice of appeal by a defendant shall be filed with the clerk of the trial court within 42 days after pronouncement of sentence. Al. R. Crim. P. 31.1.

tolled, 198 days remained.  The limitations period resumed running on December 12, 2003, the date on which the Alabama Court of Appeals issued its certificate of judgment denying Petitioner's Rule 32 petition. (Doc. 16, Ex. 1G).  Once the limitations period resumed, Petitioner had 198 days, or until June 28, 2004, in which to file his federal habeas petition.  Petitioner, however, did not file his federal habeas petition until September 16, 2004, more than two months after the expiration of the previously tolled AEDPA limitations period.

Before recommending dismissal of Petitioner's petition for habeas relief as untimely, the undersigned must determine whether Petitioner has pled extraordinary circumstances which require a contrary conclusion.  The Eleventh Circuit has stated that:

> Section 2244 is a statute of limitations, not a jurisdictional bar.  Therefore, it permits equitable tolling "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."  Sandvik v. United States, 177 F.3d 1269[, 1271 (11th Cir. 1999)].  Equitable tolling is an extraordinary remedy which is typically applied sparingly.  See Irwin v. Dept. Of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000).  See also Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3rd Cir. 1998)("equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'... [g]enerally, this will occur when the petitioner has 'in some extraordinary way...been prevented from

-5-

asserting his or her rights.'...[t]he petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.'... [m]ere excusable neglect is not sufficient."). Moreover, in the Eleventh Circuit, as a general rule, "the 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the federal habeas petition, rather than the circumstances surrounding the underlying conviction."  Helton v. Secretary of Dept. of Corrections, 259 F.3d 1310, 1314 (11th Cir. 2001), cert. denied, 535 U.S. 1080, 122 S.Ct. 1965 (2002); Drew v. Department of Corrections, 297 F.3d 1278, 1286-87 (11th Cir. 2002).

Apart from the claims raised in his habeas petition, Petitioner has failed to present facts tending to establish that he is entitled to an equitable tolling of the AEDPA limitations period.  Where Respondent has asserted the defense of statute of limitations and Petitioner has failed to meet his burden of establishing extraordinary circumstances which would justify the equitable tolling of § 2244's one year statute of limitations, the undersigned must recommend that this case be dismissed as time-barred.

## **CONCLUSION**

For the reasons set forth above, it is the opinion of the undersigned Magistrate Judge that Petitioner's petition for habeas corpus relief should be **DENIED**.  It is so recommended.

The attached sheet contains important information regarding objections to this recommendation.

**DONE** this **16th** day of **February 2007.**

>    /S/ SONJA F. BIVINS
>    **UNITED STATES MAGISTRATE JUDGE**

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)©; Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

   **DONE** this **16th** day of **February 2007**.

                                   **/s/ SONJA F. BIVINS**
                                   **UNITED STATES MAGISTRATE JUDGE**